### D. Sullivan & Company v. H. H. McLane.

No. 1160. Decided December 15, 1902.

**1.—Purchaser for Value—Surety—Collateral.**

A judgment defendant, surety on the note in judgment, who at a sale of property under foreclosure of the lien securing another note assigned as collateral for that on which he was surety, bids in the property and pays the amount bid is protected as a purchaser for value in so doing, his position being unlike that of a judgment creditor bidding in land and crediting the bid on his judgment. (Pp. 145-147.)

**2.—Assignment of Error—Notice.**

An assignment of error in holding that a party was a purchaser for value, will not raise the question whether he was properly adjudged a purchaser without notice. (P. 146.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

D. Sullivan & Co. sued McRae and McLane for judgment on a note, foreclosure of lien, and to set aside a previous foreclosure and sale to McLane, who appealed from a judgment for plaintiffs. The judgment being reversed and rendered for appellant, Sullivan & Co. obtained writ of error.

*Chas. W. Ogden* and *Terrell & Terrell,* for plaintiff in error.—The Court of Civil Appeals erred in reversing and rendering judgment for the appellant in this case and in overruling petitioner's motion for a rehearing herein, because the agreed statement filed in this case shows that in purchasing said land McLane paid out nothing for which he was not already liable and parted with no consideration in said purchase, and therefore could not be considered in law as an "innocent purchaser in good faith and for a valuable consideration," and therefore is not entitled to protection against outstanding equities such as were held by the note of appellees. Douglas v. Blount, 95 Texas, 369; Lewis v. Ross, 95 Texas, 358; McKamey v. Thorp, 61 Texas, 648; Stoker v. Bailey, 62 Texas, 299; Evans v. Wellborn, 74 Texas, 530; Hirsch v. Howell, 60 S. W. Rep., 889; Overstreet v. Manning, 67 Texas, 661; Black v. Caviness, 2 Texas Civ. App., 118; Goldson v. Fielder, 2 Texas Civ. App., 400.

*James Raley,* for defendant in error.—The trial court erred in holding that H. H. McLane was not an innocent purchaser of the land at sheriff's sale, since he paid $160 cash and had no notice of the Sullivan note being assigned. 1 Sayles' Stats., 1895, art. 2378; Moran v. Wheeler, 26 S. W. Rep., 297, affirmed by Supreme Court, 87 Texas, 179; 91 Texas, 45-48; 22 Texas, 464; 19 Civ. App., 311; 27 S. W. Rep., 758; 67 Texas, 110-112; 79 Texas, 61; 88 Texas, 654; Rogers v. Houston, 94 Texas, 405.

GAINES, CHIEF JUSTICE.—This suit was brought by the plaintiffs in error against defendant in error and one Taylor McRae to recover upon a note for $900 given for the purchase money of certain parcels of land and to enforce a lien upon the land for its payment. The case was submitted to the trial court upon an agreed statement, as provided for in article 1414 of our Revised Statutes.

The facts of the case agreed upon are as follows: On September 18, 1894, one Poor conveyed to defendant McRae the parcels of land in controversy, and for the purchase money thereof McRae on the same day executed to Poor two promissory notes, each for $900, due respectively two and three years after date. A vendor's lien upon the land was reserved in the deed and also in each of the notes. The deed was immediately filed and recorded. On the 6th day of October, 1894, Poor and one McMinn, as principals, and defendant in error McLane, as surety, executed to Annie Bee a note for $500, payable twelve months after date, and at the same time Poor transferred to the payee the first of McRae's notes as collateral to secure its payment. On January 30, 1895, Poor assigned the other note made by McRae to the plaintiff in error as collateral security for a pre-existing debt.

On the 9th of October, 1896, Annie Bee brought suit upon the note for $500. To this suit McRae was made a party and a decree was sought against him on the $900 note, with a foreclosure of the lien upon

the land for which it was given. This suit resulted in a judgment against the makers of the $500 note and also against McRae upon the $900 note, together with a foreclosure upon the land as prayed for. An order of sale having issued in pursuance of the decree, the land was sold thereunder and defendant in error McLane became the purchaser for the sum of $160. He paid the purchase money to Annie Bee, and then paid the balance of the judgment on the $500 note.

"McLane knew nothing about the note transferred to Sullivan until a short time before this suit was brought, nor did Sullivan & Co. know anything about the other note or about the suit thereon until long after the land had been sold thereunder, but the deed from Poor to McRae which was duly recorded reserved a lien for both notes." Subsequently this suit was brought by the plaintiffs in error as holders of the second purchase money note against the maker and McLane for a judgment on the note and a foreclosure of the lien upon the land. A decree was rendered giving the plaintiffs a judgment against McRae as prayed for, setting aside, so far as the plaintiffs were concerned, the sale to McLane under the former decree and ordering a sale of the land and a division of the proceeds between plaintiffs and McLane.

The question is, was McLane a purchaser of the property for a valuable consideration without notice? The trial court held that he was not: but the Court of Civil Appeals reversed this ruling and rendered judgment for him.

There is but one assignment of error in this court. It is as follows: "The Court of Civil Appeals erred in reversing and rendering judgment for the appellant in this case and in overruling petitioner's motion for rehearing therein, because the agreed statement filed in this case shows that in purchasing said land McLane paid out nothing for which he was not already liable and parted with no new consideration in said purchase, and therefore could not be considered in law as an 'innocent purchaser in good faith and for a valuable consideration;' and therefore is not entitled to protection against outstanding equities such as was held by the note of appellees." This is equivalent to saying that the Court of Civil Appeals erred in holding that the consideration paid by McLane for the property at the foreclosure sale was such as would not protect him as an innocent purchaser. It does not present the question of notice. Indeed the question of consideration was the sole point made in the motion for a rehearing in the Court of Civil Appeals; and was the sole question discussed in this court in the argument on behalf of the plaintiff in error. Therefore in disposing of the writ of error we are confined to the inquiry: Did the fact that McLane purchased and paid for the land at the foreclosure sale, protect him as a purchaser for value?

We are of the opinion that question should be answered in the affirmative. The argument against this conclusion is that since he owed the debt the land was sold to pay, he occupies the position of a judgment creditor who at a sale of land under an execution issued upon the judg-

ment bids in the property and credits his bid upon the judgment. For the reason that such a purchaser has parted with nothing of value and is in no worse position after the sale than he was before, he is held not to be a purchaser for value. But such was not McLane's position. It is true that he was bound as a surety for the debt for which the land was sold; and had been so adjudged in the suit in which the foreclosure was decreed. But his bid was not credited upon the debt, and it is clear that he did not have the right to have it so credited without the consent of the plaintiff in the execution. He paid the purchase money and it went to the judgment creditor. He not only did this. He paid the balance of the judgment. What then was his position as to his principals, Poor and McMinn? Was their liability to him before the sale the same that it was after the sale had taken place? Was it the same that it would have been had he paid the judgment before the sale was made? Clearly not. If he had paid the judgment before the sale, he would have had the right to demand of his principals the whole amount recovered against them in the suit. After the sale, and after he had paid off the balance of the judgment, he could justly demand of them only the amount of such balance. His principals clearly were entitled to have the proceeds of the land credited on the execution had it been purchased by a third party, and they as clearly had the same right when he became the purchaser himself. He was the highest bidder at the sheriff's sale and therefore paid more than anyone else offered to pay. To the extent, therefore, that his bid exceeded that of the next highest bidder his position was changed for the worse. For these reasons we are of opinion that he was a purchaser for value and entitled to protection as such.

There being no other error assigned the judgment of the Court of Civil Appeals is affirmed.