### W. F. WHITTAKER v. J. S. McWHORTER ET AL.

Decided May 7, 1910.

**1.—Appeal—Trial Without Jury—Conclusion of Law—Practice.**

An attack upon a correct conclusion of law based upon certain facts found by the court, can not avail on appeal when it is not contended that the findings of fact are not supported by the evidence.

**2.—Innocent Purchaser—Prior Obligation.**

One who after notice of a prior right or equity discharged a debt, for which he was already bound, as part payment for land, would not necessarily be thereby deprived of his rights as an innocent purchaser of the land for value.

Appeal from the District Court of Dawson County. Tried below before Hon. Jas. L. Shepherd.

*Stone & Wade,* for appellant.

*J. S. Crumpton* and *J. E. Garland,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by J. S. McWhorter and L. F. Kennedy against W. F. Whittaker, J. S. McKinney and A. V. Oden for the recovery of survey No. 9 in block No. 1, certificate No. 2-233, issued to J. Poitevant in Dawson County. The plaintiffs alleged that they were innocent purshasers for value of the land. Oden disclaimed, and Whittaker answered alleging a deed of trust lien against the land to secure a note in the sum of one thousand, five hundred dollars executed by J. S. McKinney, dated June 6, 1907, and asking that J. T. Broughton and Bird Patterson be made parties to the suit, praying for judgment for the amount of his note against J. S. McKinney with a foreclosure of his deed of trust lien as against all the other parties. It is unnecessary further to state the parties or pleadings in view of the disposition we make of the appeal. The cause was submitted to the court without a jury, and the court filed the following findings of fact, which are adopted by us since none of them is attacked by an assignment of error:

"1. I find there was a certain paper executed (and termed a contract) between J. D. Oliver and J. S. McKinney for the conveyance of ........ in ........ County by Oliver to McKinney in consideration of McKinney conveying to Oliver eight sections of land in El Paso County, Texas.

"2. I find the paper referred to in finding No. 1 was not dated, nor was there any specific time stated for the performance of said contract, nor was there any description of the land to be conveyed by Oliver to McKinney.

"3. I find that, on July 25, 1907, J. D. Oliver and wife, Pearl Oliver, executed a deed to J. S. McKinney duly acknowledged on said date conveying survey No. 9, block 1, certificate 2/233, issued to J. Poitevant, 640 acres of land situated in Dawson County, Texas, $6400, of which $4900 was cash and the balance represented by three notes of $500 each, payable to J. D. Oliver, one, two and three years after date respectively, and interest at the rate of eight percent per annum.

"4. I find that on the 15th day of July, 1907, that J. S. McKinney of El Paso County, in consideration of $3300 of which $1800 was paid in cash by J. S. McWhorter and L. F. Kennedy, and the grantees assuming the payment of three certain promissory notes executed by grantor and payable to Oliver, dated July 15, 1907, and due in one, two and three years after date, bearing interest at the rate of eight percent per annum from date, each in the sum of $500 and stipulating for ten percent attorney's fees, conveyed to J. S. McWhorter and L. F. Kennedy, grantees, survey 9, block 1, J. Poitevant survey, 640 acres of land in Dawson County, Texas.

"5. I find that Oliver was common source.

"6. I find that on the 6th day of June, 1907, J. S. McKinney in consideration of $10 conveyed to A. V. Oden of El Paso County, survey 9, block 1, J. Poitevant survey, 640 acres of land in Dawson County, Texas, *in trust*, to secure the payment of a note of $1500, dated June 6th, and payable on or before August 16, 1907, to the order of W. F. Whittaker.

"7. I find that on June 6th, J. S. McKinney executed to W. F. Whittaker one promissory note of $1500, payable on or before August 16, 1907, bearing ten percent interest and providing for ten percent attorney's fees, but with no reference to a deed of trust on any land.

"7. I find that prior to the execution of the note by McKinney to Whittaker, that McKinney had executed a check dating it ahead, August 16, 1907, for the sum of $1500, payable to W. A. Reeves on the State National Bank of El Paso, Texas, and said check was endorsed by said Reeves and held by Whittaker.

"9. I find that on the 11th day of February, 1908, J. S. McWhorter and L. F. Kennedy as principals, with J. E. McCarty and R. E. Simpson as sureties, executed a bond in the sum of $3000 to Bird Patterson of Dawson County, Texas, conditioned that the obligors aforesaid would have released, or set aside and cancelled, a certain deed of trust given by J. S. McKinney to W. F. Whittaker, of date June 6, 1907, purporting to create a lien upon section 9, block 1, J. Poitevant survey, Dawson County, Texas, being the same land the north half of which was of even date of this bond transferred by McWhorter and L. F. Kennedy to Bird Patterson, north half survey, No. 9, block No. 1, J. Poitevant survey of Dawson County, Texas, and if said McWhorter and Kennedy would have released, set aside and cancelled said deed of trust, and have cloud removed from title of the north half of No. 9, aforesaid, then this obligation would become void.

"10. I find that on the 11th day of August, 1908, L. F. Kennedy and J. S. McWhorter as principals, of Dawson County, Texas, and

B. L. Nance and W. B. McWhorter as sureties, executed a bond in the sum of $1500 to J. T. Broughton of Tishimingo County, Mississippi, the conditions of which bond were, that J. S. McWhorter and L. F. Kennedy, joined by their wives, Mrs. B. M. McWhorter and Mrs. Iva Kennedy, had, of even date with this bond, conveyed to J. T. Broughton the south one-half of survey 9, block No. 1, J. Poitevant survey, Dawson County, Texas, and that the obligors aforesaid would have released, set aside and cancelled a certain deed of trust given by J. S. McKinney to W. F. Whittaker, June 6, 1907, purporting to create a lien on section 9, block 1, J. Poitevant survey, and if said McWhorter and Kennedy should have released, set aside and cancelled said deed of trust and have cloud removed from title of the south half of No. 9, aforesaid, then this obligation would become void.

"11. I find that the deed of trust executed by J. S. McKinney on the 6th day of June, 1907, to Oden as trustee on section 9, block 1, aforesaid, was not filed for record in Dawson County until August 5, 1907, at 5 p. m., but was held by W. F. Whittaker in his possession.

"12. I find that neither J. S. McWhorter nor L. F. Kennedy had constructive notice of the execution of the purported deed of trust from McKinney to Whittaker, until the said deed of trust was filed in the office of the county clerk of Dawson County, Texas, August 5, 1907.

"13. I find that neither J. S. McWhorter nor L. F. Kennedy had any actual notice whatsoever of the deed of trust from McKinney to Whittaker, dated August 5, 1907, nor did either one of the said parties possess, or have knowledge of any facts which would have placed them upon notice, or which would by the use of ordinary prudence, have placed them upon notice of said deed of trust."

The conclusions of law, some of which are attacked for error, are as follows:

1. "I conclude that the paper mentioned in the findings of fact and purporting to be a contract of sale between Oliver and McKinney is void: (a) Because there is no description of the land to be conveyed by Oliver to McKinney. (b) Because said alleged contract could not be the basis of an action for specific performance. (c) Because the alleged contract is within the *statute of fraud,* and the lack of description therein could not be supplied by parol.

2. "I conclude that on June 6, 1907, when McKinney executed a deed of trust to Whittaker, that section 9, block 1, J. Poitevant surveys, Dawson County, Texas, did not belong to him, nor did he have any interest in same whatever.

3. "I conclude that the recitations in the deed of trust as to the future interest of McKinney in said land by virtue of deed from Oliver, could not have been known to McWhorter or Kennedy by the use of diligence, as the verbiage of said deed of trust was only known to W. F. Whittaker, who held said deed of trust in his possession, and did not file same for record.

4. "I conclude that J. S. McWhorter and L. F. Kennedy were innocent purchasers of section 9, block 1, J. Poitevant survey, Dawson County, Texas.

5. "I conclude that in equity there could be no relief for Whittaker under his deed of trust as to a future interest in land as against a bona fide purchaser for value without notice, actual or constructive, such as McWhorter and Kennedy.

6. "I conclude that J. S. McWhorter and L. F. Kennedy ought to have judgment against W. F. Whittaker and J. S. McKinney and A. V. Oden, canceling and setting aside the deed of trust from McKinney to Whittaker and removing cloud, if any, by virtue of such deed of trust on section 9, block 1, J. Poitevant survey in Dawson County, Texas, and it is so ordered, adjudged and decreed.

7. "I conclude that W. F. Whittaker should take nothing in his cross action against McWhorter and Kennedy, Broughton and Patterson, and J. S. McKinney as to the foreclosure of the lien alleged in the deed of trust on survey 9, block 1, aforesaid.

8. "I conclude that judgment ought to be rendered in favor of W. F. Whittaker in his action on a certain promissory note in the sum of $1500 against J. S. McKinney for principal, interest and attorney's fees, and it is so ordered, adjudged and decreed.

9. "I conclude that judgment ought to be rendered against defendant, McKinney, on his plea of failure of consideration in said note."

W. F. Whittaker alone has appealed. Under the third, fifth and sixth assignments, appellant insists that McWhorter and Kennedy were not innocent purchasers of the land in controversy, since they had knowledge of facts sufficient to put them upon inquiry that would have led a reasonably prudent person to knowledge of his lien. Whatever the state of the evidence, the twelfth and thirteenth findings of fact above set out are clearly to the effect that McWhorter and Kennedy had no notice, either constructive or actual, nor were they in possession of a knowledge of facts which should have placed them upon notice of appellant's lien. As before stated, these findings are not attacked as being unsupported by the evidence. This is necessarily conclusive of the matter against appellant, since clearly these findings support the conclusions of law complained of. If we were to go to the facts, however, we yet could not say the evidence, circumstantial as it was, was such as to compel a finding against the plea of innocent purchaser for value, since both McWhorter and Kennedy denied emphatically that they had any notice of appellant's lien. The conclusion of law of the trial court that judgment should be rendered in favor of McWhorter and Kennedy on their plea of innocent purchasers for value being supported by the facts, it becomes unnecessary to consider any other question presented, and we, therefore, adopt that portion of the court's conclusions of law, irrespective of other conclusions.

Some suggestion is made in the brief that appellees could not be innocent purchasers for value as to two hundred dollars of the purchase money which they paid out on a note upon which they were already bound as sureties. If such was a fact, it probably would not deprive them of the benefit of their plea, (Sullivan v. McLane, 96 Texas, 144); but the 4th finding above shows that they paid eighteen hundred dollars in cash and assumed the payment of three promis-

sory notes for five hundred dollars each, and appellant is bound by this finding. No error is shown and the judgment is affirmed.

*Affirmed.*