## JOHN W. ROSS
vs.
## THE EQUITABLE LIFE ASSURANCE SOCIETY

Superior Court     Fairfield County     File #48669

Present: Hon. NEWELL JENNINGS, Judge.

Lloyd Vail,               Attorney for the Plaintiff.

Marsh, Stoddard & Day,     Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 2, 1936.

JENNINGS, J. The policy provides:

"Total and permanent Disability.

"Upon receipt of due proof, as hereinafter provided that the Insured, while said policy and this Disability provision were in force and no premium thereunder in default, became totaly disabled as hereinafter defined due to bodily injury or disease . . . .

"Definition. Disability is total when it prevents the insured from engaging in any occupation for remuneration or profit."
The complaint alleges:

"4. On December 19, 1933, and for some time previous thereto, the plaintiff, a member of the bar of this state, and then engaged in the practice of his profession, suffered from the disease of neurasthenia, and said disease produced in him fatigue, weakness, headache, insomnia, forgetfulness, undue sensitiveness, worry and a lack of decision which, in their progressive, sustained and concurrent influence on his body, rendered him unfit and unable, on said date, to continue the

practice of his said profession, and then required him to wholly discontinue and withdraw from the same.

"5. From December 19, 1933, to and including the date hereof the plaintiff continued to suffer from said disease and experience the above and other symptoms thereof, so as to wholly disable him during said period from carrying on for remuneration or profit the practice of law, and, further, that during said period he was unable to perform the work in any other profession or occupation he was adapted to in the customary manner of a person in that profession or occupation working for compensation, in that he was unable to do all of the substantial and material acts necessary to the prosecution in the customary and usual manner, and for remuneration or profit, of any kind of profession or occupation for which he was adapted."

The demurrer is as follows:

"The defendant demurs to the Complaint, as made more certain by plaintiff's More Specific Statement, because it does not aver that the plaintiff gave the defendant due proof of total disability, to wit: disability which prevented the insured from engaging in any occupation for remuneration or profit, which proof was required by the contract therein alleged."

This question does not appear to have been passed on in this State. The elaborate briefs filed indicate that there is a sharp conflict in authority elsewhere. The general situation is well described in **Prudential Insurance Company vs. Harris, 254 Ky. 23, 70 S.W. 949, 98 A.L.R. 799**, where the court says:

"In construing such clauses the authorities are not in accord. They may be roughly divided into three groups. One gives a strict and literal meaning. The other extreme group gives a liberal interpretation, holding the definition to apply to the insured's occupation. The third is the qualified or intermediate construction . . . . There are but few authorities supporting the extreme view that these provisions are literal and mean that the insured shall be rendered helpless. In our opinion such a construction, requiring complete mental or physical inertia, would lead to absurdity, and would be equivalent to a practical denial of recovery of that which the premium was supposed to be buying. There would have to be a living death, where the insured could not even peddle pencils or peanuts on the street. It cannot be thought that

either party to the contract contemplated such a condition of indemnity. The intermediate group of authorities gives a more rational and practical construction, one that is consistent with fairness, and holds that such insuring phrases mean a disability that prevents the insured from following any sub-stantial or remunerative occupation, or from doing any labor for which he is fitted or qualified, mentally and physically, and by which he is able to earn a livelihood."

To sustain the demurrer is to put the plaintiff out of court. In answer to a motion for more specific statement he h is said that he cannot give "any proof of total disability beyond that disability described in Paragraphs 4 and 5 of his complaint". In a matter of such importance to him and to others it is right that he should have an opportunity to develop his exact situation. Then and only then can it be determined whether he has brought his case within the four corners of the policy provision.

98 A.L.R. 740 (Note i).

The demurrer is overruled.