On September 28, 1920, while plaintiff was a resident of Baltimore, Maryland, defendant insured his life in the sum of $2,000 as evidenced by policy No. 662,779, which is exhibit A in this action. Said policy, or contract of insurance, contains a "permanent total disability" benefit clause in consideration of an extra premium which is included in the payment of the annual premium charged for the policy, whereby defendant agrees to pay to plaintiff a monthly income of $10 for each $1,000 of the amount of insurance issued, in the event of plaintiff sustaining a "permanent total disability" before attaining the age of 60 years. The disability clause in question, appearing on page three of the contract of insurance *Page 379 
(Exhibit A), is recited in paragraph sixth of the complaint and does not require quotation in this memorandum.
It would serve no useful purpose to set out in detailed form the subordinate facts of the case. A careful study of all of the evidence has satisfied the court that the plaintiff has amply sustained the required burden of proof respecting the allegations in his complaint and the issues should be resolved in his favor.
Plaintiff is now 49 years of age. No premium is in default and he has complied with all provisions in the contract of insurance to be performed by him.
The trial of this action, in the main, resolved itself into a contest between doctors for and against plaintiff's medical claim under paragraph eighth of his complaint, de his condition. The court accepts the views of Dr. Levy and Dr. Rogowski, who testified for the plaintiff, and rejects the view of Dr. Fox, who testified for the defendant. In doing so, the court acts upon what it considers to be the most reasonable and plausible premise, with due regard to the basic principles of justice.
Plaintiff has been a machinist all his adult life. In 1936 he sustained an industrial accident requiring the amputation of the index finger of his left hand at the first joint. Subsequently two other operations were required on said finger, the second being in April, 1937, and the third in September, 1939. The series of operations was performed in the hope of relieving a severe pain extending up plaintiff's left arm, shoulder and base of the neck. Some ten weeks after the third operation plaintiff went to work at the Winchester Repeating Arms Company, in New Haven, and has been totally unable to engage in any occupation or employment for wage or profit since March 6, 1940.
It is to be noted that plaintiff has been "stone deaf" for many years and has difficulty in hearing even with the use of a mechanical device. Plaintiff has also been afflicted with asthma following the third operation on his finger. In short, the man who was a long distance runner in the prime years of his life is now a physical derelict. Brachial and/or median neuralgia following amputation of the index finger of the left hand, bronchial asthma, and stone deafness have left but the shell of the former man.
the court does not hesitate to conclude that plaintiff is *Page 380 
entitled to the full benefits under the disability clause in question. In 1936 Justice Jennings, then on the trial bench, had before him for consideration a defendant's demurrer in Ross vs.Equitable Life Assurance Society, 4 Conn. Sup. 46, and quoted in the memorandum a pertinent passage from Prudential InsuranceCo. of America vs. Harris, 254 Ky. 23, 29, 70 S.W.2d 949, as follows: "In construing such clauses the authorities are not in accord. They may be roughly divided into three groups. One gives a strict and literal meaning. The other extreme group gives a liberal interpretation, holding the definition to apply to the insured's occupation. The third is the qualified or intermediate construction....
"There are but few authorities supporting the extreme view that these provisions are literal and mean that the insured shall be rendered helpless. In our opinion such a construction, requiring complete mental or physical inertia, would lead to absurdity, and would be equivalent to a practical denial of recovery of that which the premium was supposed to be buying. There would have to be a living death, where the insured could not even peddle pencils or peanuts on the street. It cannot be thought that either party to the contract contemplated such a condition of indemnity.
"The intermediate group of authorities gives a more rational and practical construction, one that is consistent with fairness, and holds that such insuring phrases mean a disability that prevents the insured from following any substantial or remunerative occupation, or from doing any labor for which he is fitted or qualified, mentally and physically, and by which he is able to earn a livelihood."
See, also, Hallihan vs. Mutual Life Insurance Co. of NewYork, (McEvoy, J.), 9 Conn. Sup. 209, and the following annotations: 98 A.L.R. 788; 79 A.L.R. 857; 51 A.L.R. 1048; 41 A.L.R. 1376; 37 A.L.R. 151; 24 A.L.R. 203.
The Prudential case particularly is deemed decisive of the instant case and of the claims of defendant that plaintiff is not entitled to recover judgment. Further discussion and comment as to plaintiff's right to recover judgment would be superfluous.
The court further finds that defendant was furnished due proof of plaintiff's permanent total disability on December 14, 1940. Under the terms of the disability clause plaintiff was *Page 381 
entitled to receive $20 a month, commencing six months thereafter, to wit, commencing June 14, 1941. Between June 14, 1941 and February 14, 1942, inclusive, nine months have elapsed and defendant therefore is owing plaintiff $180 on this aspect. Also, plaintiff is entitled to a return of the premium in the amount of $34.98 paid in September, 1941, after such notice was furnished defendant. So, also, plaintiff is further entitled to interest. See Hallihan vs. Mutual Life InsuranceCo. of New York, supra, p. 222, and rule for computation of interest therein referred to, in Kirby's Reports, *Page 49. 
 Plaintiff's counsel is directed to prepare a judgment file in conformity with this memorandum, for the approval and signature of the court. It is suggested that all counsel, without prejudice, agree on the total interest items, to be added to the money award of $214.98 ($180 plus $34.98). So, also, the judgment file is to contain a direction to defendant to pay to plaintiff the sum of $20 a month hereafter, commencing March 19, 1942, for the remainder of plaintiff's life, unless permanent total disability should, in fact and in law, terminate sooner; and in addition thereto a provision that hereafter and during permanent total disability all future premiums under the policy in question are to be waived by defendant. So ordered.